Felipe RIVERA-BELTRAN, AKA
Felipe De Jesus Beltran
Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 15-71342

United States Court of Appeals,
Ninth Circuit.

Submitted December 14, 2016 *

Filed December 20, 2016

Gary Finn, Law Offices of Gary Finn, Indio, CA, for Petitioner

Brooke Maurer, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Felipe Rivera-Beltran, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986

(9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion or violate due process in concluding that the new evidence submitted with Rivera-Beltran's motion did not warrant reopening. Contrary to Rivera-Beltran's contentions, the BIA's order indicates that it adequately considered the new evidence and sufficiently explained its decision. *See id.* at 990–91 ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (internal quotation marks omitted)). The BIA did not err in failing to specifically address Rivera-Beltran's general statement that he is aware he has made mistakes and has "accomplished many changes in [his] life" as evidence of rehabilitation. *See id.*

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.